**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROSIE LEE MURPHY,<br><br>Petitioner,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-1956 (UNA) |

**MEMORANDUM OPINION**

The Court construes the petition (ECF No. 1), filed when Ms. Murphy was detained at the Montgomery County Detention Facility in Montgomery, Alabama, as one for a writ of habeas corpus. The petition is DENIED without prejudice. Aside from failing to articulate a cogent basis for habeas relief, the petition is otherwise flawed.

"The writ of habeas corpus shall not extend to a [petitioner] unless" she is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if she is being held in a prison or jail, or if she is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she . . . pleases," as when a person is released on bail or on her own recognizance before trial, *see, e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas). Based on Ms. Murphy's Notice (ECF No. 4), it appears that she has been released.

Even if Ms. Murphy were in custody, the petition does not name a proper respondent, that is, the warden of the facility where she is detained. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-39 (2004) (discussing immediate custodian rule); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). And insofar as Ms. Murphy demands a pardon, the President of the United States, not a federal district court, has authority to grant such relief. *See, e.g.*, *United States v. Vera*, No. 14-cr-221-WQH-11, 2026 WL 1081197, at *1 (S.D. Cal. Apr. 20, 2026) ("To the extent Defendant is seeking a pardon for her federal crimes, that request must be directed to the President, rather than to this Court."). Appealing to the President is of no apparent use to Ms. Murphy, as his authority extends only to pardons for crimes against the United States, *see* U.S. Const. art. II, § 2, cl. 1 ("[H]e shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment."), and it does not appear that Ms. Murphy has been charged with a federal offense.

An Order is issued separately.

AMIT P. MEHTA
United States District Judge

DATE: September 2, 2026